IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:18-cr-00118-HEH |
| | ) | |
| CHRISTOPHER BRANNAN, | ) | |
| | ) | |
| Defendant. | ) | |

### PLEA AGREEMENT

G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia;

Brian R. Hood, Assistant United States Attorney for the Eastern District of Virginia;

Tracy L. Wilkison, Attorney for the United States for the Central District of California, Acting

Under Authority Conferred by 28 U.S.C. § 515; Ryan White, Assistant United States Attorney

for the Central District of California; the defendant, Christopher Brannan; and the defendant's

counsel, Abraham Del Rio III, Esquire, have entered into an agreement pursuant to Rule 11 of

the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to waive indictment and plead guilty to a two-count criminal

information, which will be filed in the Central District of California and transferred to the

Eastern District of Virginia pursuant to Rule 20 of the Federal Rules of Criminal Procedure,

charging the defendant with unauthorized access to a computer to obtain information from a

protected computer, in violation of Title 18, United States Code, Section 1030(a)(2)(C) and

1030(c)(2)(B)(ii) and (iii) (Count One), and Aggravated Identity Theft, in violation of Title 18,

United States Code, Section 1028A(a)(1) (Count Two). The maximum penalties for Count One

are a maximum term of 5 years of imprisonment, a fine of $250,000, full restitution, special

assessments pursuant to 18 U.S.C. § 3013 and 3014, and 3 years of supervised release. The maximum penalties for Count Two are a mandatory minimum term of 2 years' imprisonment, which must run consecutive to any other sentence of imprisonment, and special assessments pursuant to 18 U.S.C. § 3013 and 3014. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

### 2.    Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

### 3.    Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a.    the right to plead not guilty and to persist in that plea;

b.    the right to a jury trial;

c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

d.    the right at trial to confront and cross-examine adverse witnesses, to be

2

protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**4.      Recommended Sentence, and Role of the Court and the Probation Office**

The parties agree to make a joint sentencing recommendation of 34 months of imprisonment. The parties agree not to seek, argue, or suggest in any way, either orally or in writing, that any other sentence be imposed. However, the defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

a.      The base offense level is 6, pursuant to Guideline § 2B1.1(a)(2).

b.      The offense level is increased 2 levels, pursuant to Guideline

§ 2B1.1(b)(2)(A)(i), because the offense involved more than 10 victims.

c.      The offense level is increased 2 levels, pursuant to Guideline

§ 2B1.1(b)(10)(C), because the offense involved sophisticated means and

the defendant intentionally engaged in or caused the conduct constituting

sophisticated means.  Because the resulting offense level is less than 12,

the offense level is increased to 12.

d.      The offense level is increased 2 levels, pursuant to Guideline

§ 2B1.1(b)(17)(A), because defendant was convicted of an offense under

Title 18, United States Code, Section 1030, and the offense involved an

intent to obtain personal information.  Accordingly, the total offense level

is 14.

The United States and the defendant agree that the defendant has assisted the government

in the investigation and prosecution of the defendant's own misconduct by timely notifying

authorities of the defendant's intention to enter a plea of guilty, thereby permitting the

government to avoid preparing for trial and permitting the government and the Court to allocate

their resources efficiently.  If the defendant qualifies for a two-level decrease in offense level

pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a

level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior

to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense

level.

5.      **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to

appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal

the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).  The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

**6.     Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per count of conviction.

**7.     Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613.  Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury.  If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  If the defendant is incarcerated,

the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8.    Restitution

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. §3663A.  Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses.  Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, statement of facts or any related or similar conduct shall be entitled to restitution.  The parties acknowledge that determination of the identities, addresses and loss amounts for all victims in this matter is a complicated and time-consuming process.  To that end, defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90 day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

### 9.    Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia or the Central District of California for the specific conduct described in the information or statement of facts.

### 10.    Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States.  The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's

attorney).  If the defendant withdraws from this agreement, or commits or attempts to commit

any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or

misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this

agreement, including any obligation to seek a downward departure or a

reduction in sentence.  The defendant, however, may not withdraw the

guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal

violation, including, but not limited to, perjury and obstruction of justice,

that is not time-barred by the applicable statute of limitations on the date

this agreement is signed.  Notwithstanding the subsequent expiration of

the statute of limitations, in any such prosecution, the defendant agrees to

waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this

agreement, may be premised upon any information provided, or

statements made, by the defendant, and all such information, statements,

and leads derived therefrom may be used against the defendant.  The

defendant waives any right to claim that statements made before or after

the date of this agreement, including the statement of facts accompanying

this agreement or adopted by the defendant and any other statements made

pursuant to this or any other agreement with the United States, should be

excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f),

the Sentencing Guidelines or any other provision of the Constitution or

federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

## 11. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

G. Zachary Terwilliger
United States Attorney

By: _____
Brian R. Hood
Assistant United States Attorney

Tracy L. Wilkison
Attorney for the United States for the Central
District of California, Acting Under Authority
Conferred by 28 U.S.C. § 515

By: _____
Ryan White
Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Criminal Information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the

provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: _____     _____
                          Christopher Brannan
                          Defendant

Defense Counsel Signature: I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending Criminal Information.  Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _10/22/18_     _____
                     Abraham Del Rio III, Esquire
                     Counsel for the Defendant

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 3:18-cr-00118-HEH - |
| DEFENDANT'S NAME: | Christopher Brannan |
| PAY THIS AMOUNT: | $200.00 |

INSTRUCTIONS:

1.  **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
    *CLERK, U.S. DISTRICT COURT*

2.  **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3.  **PAYMENT SHOULD BE SENT TO:**

| | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Richmond cases:** | **Clerk, U.S. District Court**<br>**701 East Broad Street, Suite 3000**<br>**Richmond, VA 23219** | |

4.  **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5.  **ENCLOSE THIS COUPON TO ENSURE PROPER and PROMPT APPLICATION OF PAYMENT**

10