IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:18-cr-00118-HEH |
| | ) | |
| CHRISTOPHER BRANNAN, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Counts One and Two of the Criminal Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1.  Between on or about August 27, 2013, and October 2, 2014, in Los Angeles County, within the Central District of California, the Eastern District of Virginia, and elsewhere, defendant intentionally accessed without authorization internet and email accounts, including Apple iCloud, Yahoo!, and Facebook accounts, which were maintained on protected computers as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B), and thereby obtained complete iCloud backups, photographs, and other private information, the value of which exceeded $5,000, belonging to more than 200 victims, including celebrities and noncelebrities residing within the Central District of California and elsewhere, in furtherance of criminal and tortious acts, namely, Grand Theft, in violation of California Penal Code Section 487, and the California state torts of invasion of privacy and intrusion upon seclusion.

2.  Defendant hacked the internet accounts through several means. Defendant would intentionally gain unauthorized access to accounts by researching victims' social media accounts to learn answers to their security questions to access their email accounts.

Additionally, defendant gained access by using phishing email accounts, that is, by using fraudulent email addresses designed to look like legitimate security accounts from Apple Inc. ("Apple"), misrepresenting to the victims that the emails had come from Apple in order to obtain username and password information for the victims' internet accounts. Because of the victims' belief that the email had come from Apple, the victims would provide their usernames and passwords. Defendant would then use the fraudulently obtained usernames and passwords to access the victims' email accounts, search the content of the victims' email accounts, and obtain personal information, such as sensitive and private photographs and videos, including nude photographs. Defendant would use software such as Elcomsoft to download full iCloud accounts.

3. Defendant was able to access full Apple iCloud backups belonging to at least eighteen victims. Many of these backups contained sensitive and private photographs and videos. These photographs and videos of celebrities and others, which defendant intended to keep permanently, had a value greater than $5,000. Further, defendant either attempted to access or successfully accessed the email account of his sister-in-law, who was then a minor, as well as the internet accounts of numerous current and former teachers and students at the high school where defendant worked. None of the victims authorized defendant to access their internet accounts, nor did any of the victims authorize defendant to download personal information from their internet accounts.

4. Defendant would often trade the usernames and passwords, as well as the materials he stole from the victims, with other individuals. On at least one occasion, defendant obtained the assistance of another individual to hack into a victim's email account.

5. On November 9, 2013, defendant knowingly possessed and used, without lawful authority, a means of identification he knew belonged to another person, that is, the Apple iCloud username and password belonging to Victim A, in order to gain access to her Apple iCloud account without her authorization. Defendant then knew that Victim A was a real person. Defendant did so during and in relation to Unauthorized Access to a Computer to Obtain Information from a Protected Computer, described above.

6. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense(s) charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that he is obligated under his plea agreement to provide additional information about this case beyond that which is described in this statement of facts.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Brian R. Hood
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the United States and myself, I stipulate that the above Statement of Facts is true and accurate to the best of my knowledge, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Christopher Brannan

3

I am Christopher Brannan's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Abraham Del Rio III, Esquire
Attorney for Christopher Brannan

4